**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GENDER JOSE HERNANDEZ ROJAS,

     Petitioner,

v.                                                No. 26-cv-0694-WJ-KRS

WARDEN, Cibola County Correctional Center, *et al*,

     Respondents,

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is an immigration detainee. He was detained on November 10, 2025 after previously residing in the United States. The Petition appears to allege he was re-detained follow parole without due process. Elsewhere, the Petition appears to state Petitioner is subject to detention under 8 U.S.C. § 1231 and that such detention has become unreasonably long.

On this record, the Court cannot determine whether Petitioner is subject to a final removal order, which triggers an analysis under 8 U.S.C. § 1231, or whether he is subject to detention under 8 U.S.C. § 1226 and has not been given a bond hearing/adequate process. The Court also notes that principles of liberal construction do not apply here because the Petition was clearly ghost-drafted by an attorney. The Petition takes the form of a legal brief and contains legal formatting, citations, and legal reasoning. The Petition also lists a return address for G. Ortega Law in Houston, Texas. *Compare* Doc. 1 at 26; https://gortegalaw.com/contact-us/ (listing the address). The Petition does not otherwise provide an address for Petitioner, meaning the attorney will receive

notice on behalf of Petitioner without any formal requirement to assist Petitioner going forward or even convey documents to him.

The Tenth Circuit does "not allow ... ghostwritten briefs."  *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001).   The Tenth Circuit "require[s] disclosure of attorney ghostwriting because an attorney's provision of substantial legal assistance to a *pro se* party both inappropriately shields the attorney from accountability for his actions and affords the *pro se* party the unwarranted benefit of a liberal construction of [his or] her filings."  *Velasquez-Sierra v. Garland*, No. 22-9556, 2023 WL 7179437, at *3 (10th Cir. Nov. 1, 2023).   Moreover, the District of New Mexico now receives hundreds of § 2241 filings per month.   The practice of ghost-writing has made it far too easy for attorneys to file initial emergency motions, requests restraining orders, etc. while refusing to assist their clients - most of whom have language barriers - with hearings, deadlines, and the explanation of rulings.

For these reasons, Petitioner must amend the petition and provide a current address within twenty-one (21) days of entry of this Order.  By the same deadline, Attorney G. Ortega must enter an appearance in this case or show cause why that is not possible.   The amendment should include details about what process (bond hearings, removal hearings, etc.) Petitioner has received so far; the outcome of those proceedings; whether/when the Immigration Court entered a removal order or denied bond; and the status of any immigration appeals.   The amendment must also provide detail regarding any due process claims, rather than listing various theories about why release may be possible.   The failure to timely comply with this Order may result in dismissal of the case without further notice.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order: (1) Petitioner

must amend the petition and provide a current address; and (2) Attorney G. Ortega must enter an

appearance or show cause why that is not possible, in light of the initial submission.

**SO ORDERED**.

/s/ _____
HON. WILLIAM JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE