**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GENDER JOSE HERNANDEZ ROJAS,

     Petitioner,

v.                                   No. 26-cv-0694-WJ-KRS

WARDEN, Cibola County Correctional Center, *et al*,

     Respondents,

**ORDER OF DISMISSAL**

This matter is before the Court following Petitioner's failure to amend his *pro se* 28 U.S.C. § 2241 Petition as directed.  Petitioner is an immigration detainee at the Cibola County Correctional Center.  He was detained on November 10, 2025, after previously residing in the United States.  The original Petition (Doc. 1) appears to allege he was re-detained follow parole without due process.  Elsewhere, the original Petition appears to state Petitioner is subject to detention under 8 U.S.C. § 1231 and that such detention has become unreasonably long.

By a ruling entered March 19, 2026, the Court screened the original Petition pursuant to Habeas Rules 1 and 4 and directed Petitioner to file an amended pleading.  *See* Doc. 4 (Screening Ruling).  The Screening Ruling explains that, based on the conflicting information in the original Petition, the Court cannot discern whether Petitioner is subject to a final removal order, which triggers an analysis under 8 U.S.C. § 1231, or whether he is subject to detention under 8 U.S.C. § 1226 and has not been given a bond hearing/adequate process.  The Screening Ruling also notes that the original Petition does not provide a current address for Petitioner.  It instead provides a return address for Texas Attorney G. Ortega, who submitted the "*pro se*" pleading on behalf of

Petitioner.

For these reasons, the Court set a deadline of April 9, 2026, for Petitioner to file an amended § 2241 petition that clarifies his claims and to provide an updated address.  The Screening Ruling warns that the failure to timely comply may result in dismissal without further notice.  The Court also directed Attorney Ortega to enter an appearance in this case if he is representing Petitioner. Petitioner did not comply with any directive, and there has been no response to the Screening Ruling.  Accordingly, the Court will summarily dismiss this case without prejudice pursuant to Habeas Rules 1 and 4 and alternatively, pursuant to Fed. R. Civ. P. 41(b) for failure to comply with Orders.  Since the Court did not reach the merits of any claims, this dismissal will not count as Petitioner's first habeas petition under the "abuse of the writ" principle.

**IT IS ORDERED** that this case, including each claim in Petitioner's original *pro se* 28 U.S.C. § 2241 Petition (**Doc. 1**) is **DISMISSED without prejudice** to refiling; and the Court will enter a separate judgment closing the civil habeas case.

/s/_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

2